SO ORDERED: September 10, 2012.



_____
James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SCOTT IAN RICHARDSON, | ) | Case No. 00-10506-JKC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| SCOTT IAN RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-50165 |
| | ) | |
| TRUSTEES OF INDIANA UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Trustees of Indiana University's (the "University") Motion to Dismiss (the "Motion") Plaintiff/Debtor Scott Ian Richardson's ("Debtor") First Amended Complaint for Willful Violation of Stay (the "Amended Complaint"). Having reviewed the parties' respective briefs, the Court hereby denies the Motion.

**Facts as Alleged in the Amended Complaint**

The Amended Complaint alleges the following facts:

1. Plaintiff incurred a debt to Defendant in 1988.

2. In May, 1998, Defendant filed a lawsuit in Monroe Circuit Court, Cause No. 53C04-9805-CP-733 ("debt lawsuit") against Plaintiff concerning the debt incurred in 1988.

3. The Monroe Circuit Court set the debt lawsuit for a bench trial on September 7, 2000.

4. Plaintiff filed a voluntary petition for bankruptcy under Chapter 7 in this cause on September 1, 2000.

5. Defendant appeared at the bench trial on September 7, 2000 but Plaintiff did not appear because he filed for bankruptcy; a trial was held in Plaintiff's absence and Defendant presented evidence to the court in the debt lawsuit.

6. On September 12, 2000, the Monroe Circuit Court purported to enter judgment in favor of Defendant and against Plaintiff.

7. The Judgment is void.

8. Prior to the entry of judgment on September 12, 2000, Defendant was notified that Plaintiff filed bankruptcy on September 1, 2000; from at least that time and thereafter, Defendant knew the judgment was void because it was entered in violation of the automatic stay imposed [by] 11 U.S.C. § 362(a).

9. Despite knowing the judgment was void, Defendant has nevertheless resisted attempts to have it set aside and has attempted, on numerous occasions and over many years, to collect on the void judgment.

10. These attempts to collect on the void judgment include having the Monroe Circuit Court twice issue–on September 24, 2007 and July 6, 2011–a Writ of Attachment for the arrest of Plaintiff.

11. Plaintiff suffered actual damages as a result of the Defendant's blatant and persistent attempts to collect on the judgment that was issued in violation of the Court's automatic stay.

Based on these allegations, Debtor asks that the Court find the University "guilty of civil contempt" and award Debtor compensatory and punitive damages, attorney fees and costs . . . " pursuant to 11 U.S.C. § 362(k)(1).

## Discussion and Decision

In its Motion, the University argues that Debtor's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (applicable in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7012) because it fails to state a claim for which relief may be granted. For the reasons stated below, the Court disagrees.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed.R.Civ.P. 12(b)(6); *United States v. Clark County, Ind.,* 113 F.Supp.2d 1286, 1290 (S.D.Ind.2000). The question under Rule 12(b)(6) is whether there is any set of facts consistent with the plaintiff's allegations that would give rise to a right to relief. The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir.1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900 (7th Cir.1997) ("It is enough if the complaint puts the defendants on notice of the claim and that some set of facts could be presented that would give rise to a right to relief."). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of plaintiffs. *Mallett v. Wisconsin Div. of Vocational Rehab.,* 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio,* 93 F.3d 301, 305 (7th Cir.1996).

3

When a bankruptcy petition is filed, the automatic stay provisions of 11 U.S.C. § 362(a) take effect and pre-petition creditors are prohibited from taking certain actions to collect their debts. *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (7th Cir.1990). The automatic stay is self-executing, effective upon filing of the bankruptcy petition. *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir.2000). The automatic stay is a powerful tool of the bankruptcy courts that prohibits, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title," as well as and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §§ 362(a)(1) and (a)(6). The stay is imposed automatically in part to give the bankruptcy court an opportunity to assess the debtor's situation and to embark on an orderly course resolving the estate. *United States v. Michalek*, 54 F.3d 325, 333 (7th Cir.1995). The stay functions as "one of the fundamental protections afforded to debtors by the bankruptcy laws," *In re 229 Main St. Ltd. P'ship*, 262 F.3d 1, 3 (1st Cir.2001), as it preserves "what remains of the debtor's insolvent estate and [provides] a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982) (quotations and citations omitted).

In his Amended Complaint, Debtor seeks to recover actual damages, including attorney fees and costs, pursuant to Code § 362(k)(1), for the University's allegedly willful violations of the automatic stay. To prevail on his claim for damages, Debtor must prove by a preponderance of the evidence that: (a) A bankruptcy petition was filed; (b) The aggrieved debtor is an "individual"; (c)

4

the creditor had notice of the petition; (d) the creditor's actions violated the stay and were willful; and (e) the debtor is entitled to a form of relief provided by Section 362(k). *See Kondritz v. The University of Phoenix (In re Kondritz)*, Adv. No. 10–50623, 2011 WL 2292292, at *4 (Bankr.S.D.Ind. June 8, 2011); *Ralph v. Forum Credit Union* (*In re Ralph*), Adv. Pro. No. 09-50694, 2010 WL 259947, at *3 (Bankr.S.D.Ind. June 23, 2010) (citing *In re Galmore,* 390 B.R. 901 (Bankr.N.D.Ind.2008)). A violation of the stay is "willful" even if the actor believes himself justified. *See Radcliffe v.Int'l Painters & Allied Trades Industry Pension Fund (In re Radcliffe*), 390 B.R. 881, 891 (N.D.Ind.2008), *aff'd*, 563 F.3d 627 (7th Cir.2009). A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding. *Radcliffe*, 563 F.3d at 631. If a party willfully violates the automatic stay, an award under § 362(k) is mandatory, not discretionary. *See Martino v. First Nat'l Bank of Harvey (In re Garofalo's Finer Foods, Inc.*), 186 B.R. 414, 437 (N.D.Ill.1995).

In arguing for dismissal, the University directs the Court to the docket for Debtor's bankruptcy case to establish that the University received notice of the bankruptcy case on or after September 9, 2000, i.e., *after* the trial in the state court proceeding was held. From this, the University insists that its actions in obtaining a judgment against Debtor on September 12, 2000, cannot, as a matter of law, constitute a *willful* violation of the automatic stay. The University further argues that it was under no affirmative duty to have the judgment set aside judgment and that its later actions in 2007 and 2011 to enforce the judgment cannot constitute stay violations, let alone willful ones, because the stay was no longer in effect at that time.

From the Court's docket, it would appear that the University did not have notice of Debtor's

5

bankruptcy until sometime after September 9, 2000. Thus, while the trial itself violated the automatic stay, the Court cannot conclude that the University's participation in the trial, itself, was willful. But the University's remaining arguments oversimplify relevant case law. There are numerous cases that support Debtor's allegation that the University was required to take reasonable steps to forestall issuance of the judgment or, once the judgment issued, to take steps to have it set aside. *See Eskanos & Alder, P.C. v. Leetien (In re Eskanos )*, 309 F.3d 1210 (9th Cir.2002); *Keen v. Premium Asset Recovery Cor. (In re Keen)*, 301 B.R. 749, 753 (Bankr.S.D.Fla.2003); *Johnston v. Parker* (*In re Johnston)*, 321 B.R. 262, 286 (Bankr.D.Ariz.2005); *In re Johnson,* 262 B.R. 831, 847 (Bankr.D.Idaho 2001); *Ledford v. Tiedge (In re Sams)*, 106 B.R. 485, 490 (Bankr.S.D.Ohio 1989). There is also case law that supports Debtor's allegation that the University's attempt to enforce the judgment in 2007 and 2011 also constitute willful violations of the stay, despite the fact that the stay was no longer in effect on those dates–to the extent that such efforts were in aid of a judgment issued in violation of the stay. *See Weatherford v. Timmark (In re Weatherford)*, 413 B.R. 273, 285 (Bankr.S.D.S.C.2009).

Based on the foregoing, the Court disagrees with the University's insistence that Debtor has not plausibly alleged a willful violation of the automatic stay. That is not to say that Debtor will necessarily prevail on that issue, only that he has stated a claim upon which relief *may* be granted.

The Court also disagrees with the University's argument that the Amended Complaint should be dismissed because Debtor failed to specify his actual damages. In support of that argument, the University directs the Court to *Grochocinski v. Allstate Ins. Co. (In re Lyckberg)*, 310 B.R. 881 (Bankr.N.D.Ill.2004), for the proposition that to recover under § 362(k), Debtor must prove his damages "with reasonable certainty" and in a "definitive amount . . . not predicated upon mere

6

speculation.[1] *Id*. at 889.  The Court does not disagree that to prevail ultimately on his action against the University, Debtor will have to provide sufficient evidence of his specific damages, but the Court declines the University's invitation to hold him to that standard at the pleading stage.  It is enough, in the Court's opinion, that Debtor has alleged that he was actually damaged by the University's actions.

The University also alleges that the Amended Complaint should be dismissed because Debtor will be unable to prove that he was injured by the alleged stay violation in that the University was merely attempting to collect on a nondischargeable student loan debt.  The Court is unwilling to hold, as a matter of law, that a creditor holding a nondischargeable debt may willfully violate the stay, without penalty, merely because such creditor will ultimately be free to pursue a claim against the debtor.  That would effectively create an exception to the stay that does not otherwise exist under § 362(b).  That said, the fact that the University was attempting to collect an otherwise nondischargeable debt may impact the amount of damages, if any, awarded to Debtor and whether any punitive damages are warranted.

Based on the foregoing, the Court cannot conclude that dismissal under Rule 12(b)(6) is warranted.  Accordingly, the University's Motion to Dismiss is denied.

###

---

[1] Significantly, the issue of damages in *Grochocinski* arose during trial, not on a Rule 12(b)(6) motion to dismiss.  In the Court's opinion, it is simply not relevant to the inquiry at hand.

Distribution:

Kayla D Britton
Dustin R. DeNeal
Robert E. Duff
Eric A. Koch
UST